# EXHIBIT A

DARIN P. ANDREOS (SBN 258435)
LAW OFFICES OF DARIN P. ANDREOS
11665 Avena Place, Ste. 106
San Diego, CA 92128
Telephone: 858-675-8691

Attorney for Plaintiff
VICTORIA FREED

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**10/26/2017** at 04:48:05 PM

Clerk of the Superior Court
By Katelin O'Keefe, Deputy Clerk

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| VICTORIA FREED,<br><br>    Plaintiff,<br><br>  vs.<br><br>HOME DEPOT U.S.A., INC., a Delaware<br>Corporation; and DOES 1 – 50, Inclusive,<br><br>    Defendants. | [CIVIL – GENERAL]<br><br>Case No.: 37-2017-00040831-CU-PO-CTL<br><br>COMPLAINT FOR DAMAGES |

COMES NOW Plaintiff VICTORIA FREED and hereby allege as follows:

### I.

### GENERAL ALLEGATIONS

1. Plaintiff VICTORIA FREED (hereinafter sometimes referred to as "FREED") is an individual.

2. HOME DEPOT U.S.A., INC., (hereinafter sometimes referred to as "HOME DEPOT"), is believed to be a Delaware Limited Liability Company, authorized to engage in business in the State of California.

3. All acts giving rise to this complaint occurred within the City of San Diego, County of San Diego. This is a money demand for damages in excess of the limited jurisdiction of this Court.

1

---

Complaint

4.  That the true names and capacities whether individual, corporate, associate or otherwise of Defendants DOES 1 through 50, Inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes, and therefore alleges that each of the Defendants designated herein as a DOE are legally responsible in some manner for the events and happenings herein referred to and legally caused injury and damage proximately thereby to Plaintiff as herein alleged, and/or claim an interest in the real property referred to herein.

5.  That at all times herein mentioned, Defendants and each of them, were the agents of the remaining Defendants, and were at all times acting within the purpose and scope of said agency.

6.  At all times herein mentioned, all of the Defendants were responsible for the ownership, occupation, management, operation, supervision and control of said premises at the HOME DEPOT retail store located at 5920 Fairmount Avenue, San Diego, CA 92120, and owed Plaintiff a duty of care to maintain the premises in a safe and non-dangerous condition.

7.  On or about October 23, 2016, at approximately 1:30 p.m., Plaintiff FREED was a business invitee at The HOME DEPOT retail store located at 5920 Fairmount Avenue, San Diego, CA 92120. During this time, Plaintiff FREED was shopping for home products. FREED asked an employee where a particular item was located, and was directed to a particular isle by the HOME DEPOT employee. Upon her arrival at the isle, Plaintiff FREED noticed the isle was partially blocked by a HOME DEPOT gate at the end of the isle. Plaintiff FREED noticed HOME DEPOT machinery and products on pallets throughout the isle. FREED further noticed other customers shopping throughout the isle. With the HOME DEPOT gate protruding only partially into the isle way, and with customers shopping throughout the isle, this led FREED to believe the isle was open and accessible for customers. FREED entered the isle and as she was shopping, slipped on a foreign liquid substance on the floor of the isle and fell to the ground causing severe injuries and damages.

Complaint

## II.
## FIRST CAUSE OF ACTION
### (Negligence Against All Defendants and DOES 1 - 50)

8.  Plaintiffs hereby incorporate Paragraphs 1-7 as if fully set forth herein.

9. On or about October 23, 2016, at approximately 1:30 p.m., Plaintiff FREED was a business invitee at The HOME DEPOT retail store located at 5920 Fairmount Avenue, San Diego, CA 92120, and was lawfully on the premises for the purpose of shopping for home maintenance and improvement items. FREED asked an employee where a particular item was located, and as a result was directed to a particular isle by the HOME DEPOT employee. Upon her arrival at the isle, Plaintiff FREED noticed the isle was partially blocked by a HOME DEPOT gate at the end of the isle. Plaintiff FREED noticed HOME DEPOT machinery and products on pallets throughout the isle. FREED also noticed other customers shopping throughout the isle. With the HOME DEPOT gate protruding only partially into the isle way, and with customers shopping freely throughout the isle, this led FREED to believe the isle was open and accessible for customers. FREED entered the isle and as she was looking for her product, slipped on a foreign liquid substance on the floor within the isle and fell to the hard ground causing severe injuries and damages.

10. Said personal injuries were proximately caused by reason of the fact that the premises, while open to the public for shopping, were maintained in such a manner as to create and pose an unnecessary risk and danger to patrons by faulty, defective, dangerous and unsafe conditions of which the Defendants were, or should have been aware, and that Defendants created, and/or failed to maintain the premises in a safe condition.

11. On or about October 23, 2016, Defendants owed Plaintiff a duty of care to maintain the premises in a safe and non-dangerous condition. The aforesaid premises were unsafe and dangerous because, among other reasons, Defendants created a slipping hazard, they failed to provide safe means of permitting customers to travel and shop throughout the store, they failed to provide a safe path for customers, they failed to give any or adequate warnings of the unsafe condition to Plaintiff, they failed to insure that Plaintiff would be able to see and observe any foreign liquid substances on the floor.

3

Complaint

12. As a proximate result of Defendants' wrongful acts and omissions of creating/maintaining a dangerous condition, FREED, sustained injuries and trauma to her body and nervous system which necessitated the care and treatment by medical practitioners, and will continue to necessitate treatment in the future, all to Plaintiff's injuries in an amount which has not been ascertained at this time but will be set forth according to proof at time of trial.

13. As a further proximate result of the creation/maintenance of a dangerous condition of the store isles owned/controlled/maintained by Defendants, FREED suffered damages and injuries as set forth herein, including medical expenses and costs for various medical providers and supplies, in an amount which has not been ascertained at this time but will be set forth according to proof at time of trial.

14. As a further proximate result of the creation/maintenance of the dangerous condition of the store isles owned/controlled/maintained by Defendants, Plaintiff suffered loss of wages which said amount will be set forth at time of trial.

\\\\
\\\\
\\\\
\\\\
\\\\
\\\\
\\\\
\\\\
\\\\
\\\\
\\\\
\\\\
\\\\
\\\\
\\\\

Complaint

15. As a further proximate result of the creation/maintenance of a dangerous condition of the store isles owned/controlled/maintained by Defendants, Plaintiff suffered general pain and suffering, all in an amount which has not been ascertained at this time but will be set forth according to proof at time of trial.

**WHEREFORE,** Plaintiffs pray for judgment against Defendants as follows:

1. For general damages according to proof;
2. For medical costs according to proof;
3. For medical care in the future according to proof;
4. For loss of wages according to proof;
5. For loss of future wages according to proof;
6. For costs of suit incurred;
7. For such other and further relief as the Court deems just and proper.

Dated: 10/20/17

DARIN P. ANDREOS,
Attorney for Plaintiff
VICTORIA FREED

5

Complaint

EXH. A-10