UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA FREED,<br><br>Plaintiff,<br><br>HOME DEPOT U.S.A., INC., a Delaware Corporation; and DOES 1-50, inclusive,<br><br>Defendant. | Case No.: 18cv359-BAS (LL)<br><br>**ORDER RE DEFENDANT'S MOTION TO QUASH**<br><br>**[ECF No. 38]** |

Currently before the Court is Defendant's January 29, 2019 "Motion to Quash Plaintiff's First Amended Notice of Deposition of Elizabeth M. Gower and Subpoena to Testify at Deposition in a Civil Action [FRCP 45]" ("Mot.") [ECF No. 37], Plaintiff's February 4, 2019 Opposition to the Motion ("Oppo.") [ECF No. 38], and Defendant's February 6, 2019 Reply ("Reply") [ECF No. 39]. For the reasons set forth below, Defendant's Motion is **GRANTED**.

/ / /

## BACKGROUND

The instant matter was initiated on October 26, 2017 when Plaintiff filed a complaint in San Diego Superior Court alleging a claim for negligence for injuries resulting from a slip and fall at a Home Depot store the year before. See ECF No. 1, Exh. A. In her Complaint, Plaintiff states that "on or about October 23, 2016, at approximately 1:30 p.m., Plaintiff FREED was a business invitee at the HOME DEPOT retail store located at 5920 Fairmount Avenue, San Diego CA 92120." Id. at ¶ 7. Plaintiff states that she "was shopping for home products." Id. She "asked an employee where a particular items was located" and was "directed to a particular isle [sic] by the HOME DEPOT employee." Id. She further states that "[u]pon her arrival at the isle [sic], Plaintiff FREED noticed the isle [sic] was partially blocked by a HOME DEPOT gate at the end of the isle [sic]" and that there were "machinery and products on pallets throughout the isle [sic]." Id. Plaintiff also noticed that "other customers [were] shopping throughout the isle [sic]." Id. "This led [Plaintiff] to believe the isle [sic] was open and accessible for customers." Id. Accordingly, [Plaintiff] entered the isle [sic] and as she was shopping, slipped on the floor of the isle [sic] and fell to the ground causing serious injuries and damages." Id. Plaintiff alleges that "as a proximate result of Defendants' wrongful acts and omissions of creating/maintaining a dangerous condition, [Plaintiff] sustained injuries and trauma to her body and nervous system which necessitated the care and treatment by medical practitioners, and will continue to necessitate treatment in the future. . . ." Id. at ¶ 12. Plaintiff further alleges as a "proximate result of the creation/maintenance of a dangerous condition of the store isles

[sic] owned/controlled/maintained by Defendants," Plaintiff suffered "damages and injuries as set forth herein, including medical expenses and costs for various medical providers and supplies, in an amount which has not been ascertained at this time but will be set forth according to proof at time of trial." Id. at ¶ 13. Plaintiff also alleges "loss of wages which said amount will be set forth at time of trial" and "general pain and suffering. . . ." Id. at ¶¶ 14, 15. Plaintiff seeks the following relief: (1) general damages; (2) medical costs; (3) future medical care; (4) loss of wages; (5) future loss of wages; (6) costs of suit incurred; and (6) other relief the Court deems "just and proper." Id. at 6.

On February 15, 2018, Defendant Home Depot filed its Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446 on the basis that "complete diversity of citizenship exists." ECF No. 1. On March 16, 2018, Plaintiff filed a motion to remand the action to state court. ECF No. 8. On May 25, 2018, Plaintiff's motion to remand was denied. ECF No. 12.

On January 28, 2019, counsel for Plaintiff, Mr. Darin Andreos, and counsel for Defendant, Ms. Elizabeth Rein and Mr. Robert Dixon, jointly contacted the Court regarding a discovery dispute. See ECF No. 36. In regard to the dispute, the Court issued a briefing schedule and the parties filed their motion, opposition, and reply in accordance with that order. Id.; see also Mot., Oppo., Reply.

/ / /

/ / /

/ / /

# LEGAL STANDARD

The scope of discovery under the Federal Rules of Civil Procedure is defined as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 26(b)(1).

District courts have broad discretion to determine relevancy for discovery purposes. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). District courts also have broad discretion to limit discovery to prevent its abuse. See Fed. R. Civ. P. 26(b)(2) (instructing that courts must limit discovery where the party seeking the discovery "has had ample opportunity to obtain the information by discovery in the action" or where the proposed discovery is "unreasonably cumulative or duplicative," "obtain[able] from some other source that is more convenient, less burdensome, or less expensive," or where it "is outside the scope permitted by Rule 26(b)(1)").

Fed. R. Civ. P. 45 establishes the rules for subpoenas served upon individuals and entities that are not parties to the underlying lawsuit. See Fed. R. Civ. P. 45. Upon a timely motion, the court must quash or modify a subpoena that: "(i) fails to allow reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if

4

no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv). The court may, on motion, quash or modify a subpoena that "requires (i) disclosing a trade secret or other confidential research, development, or commercial information; or (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party." Fed. R. Civ. P. 45(d)(3)(B)(i)-(ii).

A party cannot simply object to a subpoena served on a non-party, but rather must move to quash or seek a protective order. See Moon v. SCP Pool Corp., 232 F.R.D. 633, 636 (C.D. Cal. 2005); McCoy v. Southwest Airlines, Co., 211 F.R.D. 381, 384 (C.D. Cal. 2002). The party who moves to quash a subpoena has the burden of persuasion under Rule 45(c)(3).[1] See Moon, 232 F.R.D. at 637. "[A] party moving to quash a non-party subpoena has standing when the party has a personal right or privilege in the information sought to be disclosed." Chevron Corp. v. Donziger, 2013 WL 4536808, at *4 (N.D. Cal. Aug. 22, 2013) (citing Knoll, Inc. v. Moderno, Inc., 2012 WL 4466543, at *2 (N.D. Cal. Sept. 26, 2012)); see also Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 11(IV)-F ("The general rule is that a party has no standing to move to quash a subpoena served upon a third party except as to privilege claims relating to any documents being sought") (citing California Sportfishing Protection Alliance v. Chico Scrap Metal, Inc., 299 FRD 638, 643 (E.D. Cal. 2014).

---

[1] The provisions of subdivision (c) of Fed. R. Civ. P. 45 were moved to subdivision (d) as part of the 2013 amendments. See Fed. R. Civ. P. 45 advisory committee notes.

Courts have broad discretion to determine whether a subpoena is unduly burdensome. See Exxon Shipping Co. v. U.S. Dep't of Interior, 34 F.3d 774, 779 (9th Cir. 1994); see also Heidelberg Ams., Inc. v. Tokyo Kikai Seisakusho, Ltd., 333 F.3d 38, 41 (1st Cir. 2003). For example, a subpoena is unduly burdensome where it seeks to compel testimony of a witness or production of documents regarding topics unrelated to or beyond the scope of the litigation. See Mattel, Inc. v. Walking Mountain Prods., 353 F.3d 792, 813-14 (9th Cir. 2003) (holding subpoenas properly quashed where their overbreadth led the court to conclude that such subpoenas were "served for the purpose of annoying and harassment and not really for the purpose of getting information."). Moreover, "if the sought-after documents are not relevant, nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed [] would be by definition 'undue.'" Compaq Computer Corp. v. Packard Bell Elec., Inc., 163 F.R.D. 329, 335-36 (N.D. Cal. 1995). Again, the moving party bears the burden of establishing that a subpoena is unduly burdensome. See F.D.I.C. v. Garner, 126 F.3d 1138, 1146 (9th Cir. 1997).

In a final note, although irrelevance is not among the enumerated reasons for quashing a subpoena under Rule 45(d)(3), federal courts have incorporated relevance as a factor to be considered when ruling on motions to quash. See Moon, 232 F.R.D. at 637. Specifically, "[a]n evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party[,]" and mandates the court's consideration of such factors as relevance, the serving party's need for the

6
18cv359-BAS (LL)

requested documents, the breadth of the discovery request, the particularity with which the documents are described, and the burden imposed. Id. (internal citations omitted).

## **DISCUSSION**

### **1. Procedural Background of Motion to Quash**

Defendant Home Depot and its employee Elizabeth M. Gower seek an order quashing Plaintiff's subpoena for the deposition of Ms. Elizabeth M. Gower, a resident of Georgia. Mot. at 2; Def.'s Decl. at ¶ 7. Ms. Gower, a paralegal for Home Depot, signed the discovery verification accompanying Defendant's October 29, 2018 responses to Plaintiff's Requests for Production of Documents. Mot. at 3; see also Def.'s Decl. at ¶ 3; Exhibit A to Def.'s Decl.; Oppo. at 3. On January 14, 2019, Plaintiff served Home Depot with a subpoena for the deposition of Ms. Gower with a compliance date of January 30, 2019.[2] Def.'s Decl. at ¶ 7; see also Exh. D to Def.'s Decl. Plaintiff's deposition was set in San Diego, even though Plaintiff was informed that Ms. Gower lived in Atlanta. Def.'s

---

[2] The Court notes that on December 14, 2018, Plaintiff served Home Depot with a notice of deposition, without a subpoena, for Ms. Gower. Def.'s Decl. at ¶ 3; see also Exh. B to Def.'s Decl.; Oppo. at 1; Pl.'s Decl. at ¶ 4. However, on January 3, 2019, after the parties met and conferred, the parties agreed to reschedule the deposition of Ms. Gower (among other depositions) because of witness unavailability. Oppo. at 1; Pl.'s Decl. at ¶ 4; see also Exhibit C to Def.'s Decl. On January 14, 2019, Plaintiff served an Amended Notice of Deposition of Ms. Gower and a corresponding Subpoena. Exhibit D to Def.'s Decl.

For purposes of this motion, the Court will only consider Plaintiff's Amended Notice of Deposition of Ms. Gower and the corresponding subpoena as it amended the original notice of deposition. Additionally, the Court overrules Plaintiff's argument that Home Depot's objection and motion to quash are untimely [Oppo. at 2-3]. The instant motion to quash was timely filed on January 29, 2019 because it was filed before the January 30, 2019 date of compliance. See, e.g., N. Am. Co. for Life & Health Ins. v. Philpot, 2010 WL 4017065, at *2-3 (S.D. Cal. Nov. 24, 2010); Anderson v. Abercrombie & Fitch Stores, Inc., 2007 WL 1994059, *8 (S.D. Cal. July 2, 2007). Furthermore, Defendant's objections were also timely as they were served on January 23, 2019 [Mot. at 6; Def.'s Decl. at ¶¶ 7-8], within fourteen days after service of the subpoena and before the date of compliance. Fed. R. Civ. P. 45(d)(2)(B).

7

18cv359-BAS (LL)

Decl. at ¶ 7; see also Exh. D to Def.'s Decl. In addition, the subpoena included a witness fee check for $66.45. Id.

### 2. **Parties' Positions**

Defendant seeks an order from the Court quashing the subpoena of Ms. Gower, arguing that "[t]here is no legitimate purpose for taking Ms. Gower's deposition, especially since Ms. Gower – in her capacity as a paralegal authorized to verify Home Depot's discovery responses – simply verified Home Depot's discovery responses." Mot. at 2. First, Defendant argues that "the deposition of Ms. Gower seeks irrelevant information and is not proportional to the needs of this case." Mot. at 6. Specifically, Defendant argues that Ms. Gower "has no personal knowledge related to the alleged incident" noting that "her knowledge is based on, in part, documents produced in this action (e.g., Plaintiff's Customer Incident Statement)." Mot. at 7; see also Def.'s Decl. at ¶ 4. Defendant also argues that the cost (of travel in light of Ms. Gower's residence in Georgia) and burden of taking Ms. Gower's deposition substantially outweighs any potential benefit in light of her minimal role in the litigation. Mot. at 7 (citing Lemberg Law LLC v. Hussin, 2016 WL 3231300, at *6 (N.D. Cal. Jun. 13, 2016)). Second, Defendant argues that "the deposition is impermissible discovery about discovery." Mot. at 8-9. Specifically, Defendant argues that given Ms. Gower's role in the litigation (as having solely verified Defendant's October 29, 2018 discovery responses), "the only conceivable purpose for deposing her is to determine whether Home Depot complied with its discovery obligations, which is classic impermissible 'discovery about discovery.'" Id. at 8. Defendant argues "[t]he FRCP does

not grant parties the right to take formal discovery to test the sufficiency of each other's discovery, absent evidence of misconduct, which evidence is absent here." Id. (citing Watkins v. Hireright, Inc., No. 13cv1432, 2013 WL 10448882, at *3 (S.D. Cal. Nov. 18, 2013). Third, Defendant argues that "Ms. Gower's knowledge about the incident is privileged [and protected by the work product doctrine] as it was provided to her during the course of this litigation by multiple sources including attorneys." Mot. at 9-10. Finally, Defendant argues that "[t]he subpoena is deficient" as "it impermissibly requires Ms. Gower to travel over 2,000 miles and fails to provide adequate compensation." Id. at 10 (citing Fed. R. Civ. P. 45(c)(3)(A)(ii)).

Plaintiff opposes Defendant's Motion on the following grounds:

> By signing a verification of the information in the Responses, Ms. Gower became a witness with potentially discoverable information. Specifically, in the Responses, Home Depot indicated there is video that captured the incident when Plaintiff Freed was injured. However, Home Depot has produced no such video. The only video footage produced by Home Depot thus far did not actually record Freed's accident. Because Ms. Gower verified the Responses – Responses which indicate there is video capturing the accident – Plaintiff should be allowed to depose Ms. Gower to find out exactly where that video footage is.

Oppo. at 4. In support, Plaintiff argues that because Ms. Gower is a paralegal for Home Depot (not for outside counsel) "[t]he traditional concerns for deposing counsel representing a party in the case do not apply here." Id.

Second, Plaintiff argues that "[t]he deposition is needed because Home Depot continues in effort to block legitimate discovery." Id. at 5. Third, Plaintiff argues that "Plaintiff's preparation must proceed irrespective of the joint discovery plan [in which the

parties agreed to initially proceed with three depositions per side]." Id. at 6. Specifically, Plaintiff argues that "until Ms. Gower's deposition is completed along with two additional depositions, Plaintiff would not be in violation of the Initial Plan." Id. Fourth, Plaintiff argues that "[b]y signing under oath, the corporate agent attests to the truth of the answers on behalf of the corporation." Id. at 7 (citing Villareal v. El Chile, Inc., 266 F.R.D. 207, 211 (N.D. Ill. 2010)). In support, Plaintiff states that "Plaintiff is entitled to know the sources of Ms. Gower's information and how the information was obtained." Id. Finally, Plaintiff argues that the "Southern District of California is the proper location for the deposition." Id. at 8. In support, Plaintiff cites Cadent Ltd. v. 3M Unitek Corp., 232 F.R.D. 625, 629 (C.D. Cal. 2005), and argues that "[i]t would be more cost efficient for Ms. Gower to travel to California as compared to Plaintiff and Defendant traveling to Georgia." Id.

In Defendant's Reply, Home Depot argues that Plaintiff's Opposition fails to address several substantive issues in response to the Motion. Reply at 2. For example, Home Depot states that it "has already provided a supplemental response that clarifies the video it produced is the only footage it has near the accident location, and that no other footage of the subject accident exist." Id. Defendant reiterates that Ms. Gower's deposition is not relevant to any claims or defenses in this action arguing that "Plaintiff's entire argument is supported by her counsel's declaration where he speculates that Home Depot is not producing a video of the incident." Id. at 3 (citing Andreos Decl. at ¶ 11). Defendant also reiterates and expands on arguments made in its Motion, including that Plaintiff "fails to address the proportionality and privileged issues raised in the motion." Id. at 4.

10
18cv359-BAS (LL)

### 3. **Analysis**

The Court finds that Plaintiff is not entitled to conduct a deposition of Ms. Gower. Plaintiff has failed to provide any evidence or support for the idea that Ms. Gower's deposition is relevant or proportional to the claims in this case. Plaintiff concedes that the only reason she seeks to depose to Ms. Gower is because Ms. Gower signed a verification of Home Depot's discovery responses [Oppo. at 3-5], and that Plaintiff "should be allowed to depose Ms. Gower to find out where she got the information about video footage that Home Depot has said exists, but has not yet been produced." Id. at 4. Plaintiff has failed to articulate why Ms. Gower should travel from Atlanta to San Diego for a deposition[3] when Home Depot has already confirmed that no other video(s) of the alleged incident exist and has agreed to produce a 30(b)(6) deponent to testify on this topic.

On December 21, 2018, Home Depot supplemented its response to Plaintiff's Request for Production No. 7 (seeking surveillance video of the alleged incident) confirming that it has already produced the only footage it has from the alleged incident and that "[n]o other CCTV footage of the allege incident exist." Reply at 2; Rein Decl. ¶ 4; Exhibit C to Rein Decl. at 12. In addition, "Home Depot has agreed to produce a 30(b)(6)

---

[3] The Court also finds that Plaintiff's subpoena of Ms. Gower to be deposed in San Diego violates the mileage requirement of FRCP 45 in light of Ms. Gower's residence in Atlanta, Georgia. Fed. R. Civ. P. 45(c)(3)(A)(ii). Additionally, the Court finds that Plaintiff has failed to show why the witness fee check of $66.45 included with Plaintiff's subpoena to Ms. Gower is a reasonable estimate for the costs associated with traveling from Atlanta to San Diego pursuant to Fed. R. Civ. P. 45. See CF&I Steel Corp. v. Mitsui & Co. (U.S.A.), Inc., 713 F.2d 494, 496 (9th Cir. 1983). Notably, Plaintiff's counsel does not address in his Opposition how he calculated the amount tendered in his witness fee check for Ms. Gower, or why it is reasonable under FRCP 45. See Oppo.

deponent to testify about the video footage it produced and whether there is any additional footage of the accident." Reply at 3; Rein Decl. ¶ 11.

Plaintiff also ignores in her Opposition and fails to respond to Defendant's arguments and authority in support thereof that Plaintiff is prohibited from seeking "discovery about discovery." See, e.g., Advante Int'l Corp. v. Mintel Learning Tech., 2006 WL 3371576, at *4 (N.D. Cal. Nov. 21, 2006); see also Google Inc. v. American Blind & Wallpaper Factory, Inc., 2006 WL 2578277, at *3 (N.D. Cal. Sep. 6, 2006). Similarly, Plaintiff fails to adequately address Defendant's privilege arguments in her Opposition. Defendant contends that "Ms. Gower's knowledge about the incident is privileged as it was provided to her during the course of this litigation by multiple sources including attorneys," and that all of the information Ms. Gower has obtained in connection with the alleged incident was acquired after the lawsuit was filed and obtained solely for the purpose of litigation. Mot. at 9 (citing Hickman v. Taylor, 329 U.S. 495 (1947) and Estate of Levingston v. County of Kern, 320 F.R.D. 520 (E.D. Cal. 2017)).

Plaintiff provides nothing more than baseless arguments with no authority in support thereof in her Opposition in response to Home Depot's arguments that Ms. Gower's knowledge is privileged. See Oppo. at 3-5. For example, Plaintiff states with no authority in support thereof that "[t]he traditional concerns for deposing counsel representing a party in the case do not apply here." Oppo. at 4. In sum, the Court finds that Defendant has met its burden with respect to quashing Plaintiff's First Amended Notice of Deposition of Elizabeth M. Gower and Subpoena.

Accordingly, for the reasons set forth above, the Court **GRANTS** Defendant's Motion to Quash the First Amended Notice of Deposition of Elizabeth M. Gower and Subpoena to Testify at Deposition in a Civil Action.

**IT IS SO ORDERED**.

Dated: February 13, 2019

Honorable Linda Lopez
United States Magistrate Judge